18-38
United States v. Bishunath

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> > Circuit Judges.

---

UNITED STATES OF AMERICA,

    Appellee,

    -v.-                                              18-38

RAVI BISHUNATH,

    Defendant-Appellant,

TORY BARNES, JONATHAN MARTIN,
ROBERTO DIAZ aka CUTI,

    Defendants.

---

**FOR DEFENDANT-APPELLANT:**    Michael G. Califano (<u>with</u> John F. Lauro <u>on the brief</u>), Lauro Law Firm, Tampa, FL.

**FOR APPELLEE:**    Stephanie Lake (<u>with</u> Michael McGinnis, Hagan Scotten, <u>on the brief</u>), Assistant United States Attorneys, <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ravi Bishunath appeals from a December 22, 2017 judgment of conviction entered against him by the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).   A competing shop near Bishunath's business was damaged by fire in December 2013, March 2014, and February 2015.   A jury convicted Bishunath on two counts of arson, in violation of 18 U.S.C. §§ 844(i) & 2, and two counts of conspiracy to commit arson, in violation of 18 U.S.C. § 371, for the March 2014 and February 2015 fires.   Bishunath was sentenced to 67 months' imprisonment, to be followed by three years' supervised release.   He challenges the sufficiency of the evidence supporting his conviction.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a sufficiency challenge *de novo*. <u>United States v. Sabhnani</u>, 599 F.3d 215, 241 (2d Cir. 2010).   A criminal conviction must be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).   We "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government."   <u>United States v. Walker</u>, 191 F.3d 326, 333 (2d Cir. 1999) (internal quotation marks omitted).

**1.** Bishunath challenges his convictions relating to the March 2014 fire (Counts One and Two) on the ground that the evidence was insufficient to prove that the store was used in interstate commerce at the time of the fire.

In March 2014, the victim store had been closed for about three months due to damage suffered from a fire in December 2013. While § 844(i) requires that the property be "used in interstate or foreign commerce" at the time of the fire, that element is satisfied even for "temporarily vacant buildings," provided that "there [i]s evidence at trial of sufficiently definite plans to return the property to the stream of commerce." United States v. Iodice, 525 F.3d 179, 184 (2d Cir. 2008). Bishunath argues that the store's owner lacked "sufficiently definite plans" to reopen the store at the time of the March 2014 arson. Id.

The store's owner testified that he planned to reopen the store "[r]ight away" after the December 2013 fire because it was a "very good store"; that delay ensued because the store needed to be rebuilt and renovated; that the rebuilding and renovation from the December 2013 fire was expected to take about five months; and that he continued to work with the landlord to rebuild the store even after the subsequent fire in March 2014. App'x 310-11. The store was ultimately reopened in late 2014. Moreover, a photograph taken the day after the March 2014 fire shows construction signs and what the jury could have inferred to be renovation permits on the exterior of the property. App'x 422. Finally, Jonathon Martin, a co-conspirator, testified that Bishunath hired him to set fire to the store in March 2014 because Bishunath feared that the store was preparing to reopen, which would have hurt his business. App'x 184; see also Iodice, 525 F.3d at 185.

A rational trier of fact could reasonably conclude from this evidence that the owner had "sufficiently definite plans" to reopen the store. Iodice, 525 F.3d at 184. There was therefore sufficient evidence to support a finding that § 844(i)'s interstate commerce requirement was met.

**2.** Bishunath argues that there was insufficient evidence to support his convictions on any count because the only direct evidence of his involvement was the testimony of alleged co-conspirator Jonathan Martin, who he argues was, as a matter of law, not credible. We disagree. See United States v. Riggi, 541 F.3d 94, 110 (2d Cir. 2008) ("[A] conviction may be supported only by the uncorroborated testimony of a single accomplice . . . if that testimony is not

3

incredible on its face and is capable of establishing guilt beyond a reasonable doubt." (internal quotation marks omitted)).

Martin's testimony was facially coherent and consistent; it was not "patently incredible," nor did it "def[y] physical realities." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). Martin offered a straightforward account: in March 2014, Bishunath hired co-conspirator Roberto Diaz to set fire to a store that competed with Bishunath's business; Diaz paid Martin to accompany him to the store, where they set it on fire using gasoline; and, in February 2015, Bishunath asked Martin to set fire to the store again, which Martin and another co-conspirator, Tory Barnes, did with gasoline. This testimony was sufficient to support Bishunath's convictions. See Riggi, 541 F.3d at 110.

Bishunath argues that Martin's testimony regarding the March 2014 fire was unbelievable because it was contradicted by the fire marshal who investigated the fire and testified that he did not smell gasoline at the scene and that there was no indication that gas was used to start the fire. However, the fire marshal arrived on the scene twelve hours after the fire. And a firefighter who arrived on the scene during the fire reported "the smell of gasoline or diesel fuel within the area." App'x 251.[1] In any event, the jury was entitled to assess the perceptions, memory, and credibility of all of the witnesses, and to determine whose testimony they accepted. We must "credit[] every inference that the jury might have drawn in favor of the government." United States v. Cuti, 720 F.3d 453, 461-62 (2d Cir. 2013). The jury chose to credit the testimony of Martin and reject that of the marshal, and we are not entitled to second-guess that choice.

---

[1] Bishunath also disputes the credibility of Martin's testimony that gasoline was used to set the December 2013 fire (for which Bishunath was *not* indicted), because it was contradicted by a fire marshal who testified that the fire was started by "electrical wiring on top of [a wooden] table." App'x 343. We must defer to the jury's credibility determinations, see United States v. Cuti, 720 F.3d 453, 461-62 (2d Cir. 2013); and, even if the jury disbelieved Martin's collateral testimony regarding the December 2013 fire, they could still credit his testimony regarding the two fires for which Bishunath was indicted. Moreover, the marshal who investigated the December 2013 fire testified that his "origin determination" would have changed if he learned someone had confessed to setting the fire. App'x 353.

Further, Bishunath contends that Martin's testimony that Bishunath wanted to "burn down a burned-down store" is "absurd." Appellant's Br. 43. But the jury was entitled to accept that testimony because the point of the fire was not to cause property damage, but to warn the owner of the store to not reopen and compete with Bishunath's business.

Moreover, Martin's testimony implicating Bishunath was corroborated: the competing store owner testified that Bishunath told him "if you open again, I'm going to burn [it] down again" and "I'll kill your family member too," Trial Tr. 476 (Dist. Ct. Dkt. No. 115); cell phone records established that Bishunath was in extremely frequent contact with Diaz and Martin at the time of the fires; cell phone location data showed that Bishunath travelled from the area around the scene of the fire to the vicinity of the hospital to which Diaz was admitted after he was burned in the March 2014 fire; Barnes testified that he helped Martin commit the February 2015 arson; gas cans were found at the store after the February 2015 fire; and Bishunath asked Diaz, in a recorded phone call, if he was going to "rat everybody out" after Diaz was arrested, App'x 421.

We have considered the defendant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5